Argued February 19, reversed March 22, reconsideration denied March 28, petition for review denied May 11, 1976

HARRISON, *Respondent,*

*v.*

STATE ACCIDENT INSURANCE FUND, *Appellant.*

(No. 417-376, CA 5114)

547 P2d 164

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief

were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*John D. Ryan,* Portland, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

SCHWAB, C.J.

**SCHWAB, C. J.**

■ Claimant, having suffered a compensable injury, contends that he is permanently and totally disabled. The referee and the Board disagreed and the trial judge found for the claimant. Our review of the record leads us to the conclusion that claimant failed to prove his contention by a preponderance of the evidence. The Board's order sets forth most of the essential facts. It reads in pertinent part:

"The claimant has requested Board review contending he is entitled to an award of permanent total disability.

"Claimant was injured October 19, 1972, while employed as a concrete finisher. At the time of the injury he was working underneath a bridge when he slipped from the scaffolding but caught himself from falling by wrapping one arm and one leg around a beam. There was immediate pain and swelling in the left arm, involuntary twitching, followed by stiffness of the arm.

"Claimant voluntarily quit work October 12, 1973, after working 40 years as a cement finisher. The numerous treating and examining doctors have found no objective findings but have found a mildly moderate functional overlay. Now nearing his 63rd birthday, the prognosis for a return to the labor market appears remote due to poor motivation to remain in the labor force.

"With the medical evidence available, the Board, on review, finds the permanent partial disability award of 25% equal to 80° for unscheduled left shoulder disability adequately compensates claimant for disability attributable to his industrial accident."

The record shows that claimant was seen by at least two surgeons, three neurologists, two radiologists, four orthopedists, and a cardiovascular surgeon. None found any substantial physical evidence which would account for the intensity of claimant's complaints.

Claimant relies heavily upon the report of a psychological examination, conducted by a resident in psychology, stating that there was no evidence of any malingering. Claimant then argues in effect that since

there is no evidence of malingering, his difficulty must be a totally disabling functional overlay and that he is, therefore, totally disabled.

■ On matters of motivation we are not bound to find in conformity with the conclusion of an expert even though we should and do give an expert opinion careful consideration. The referee saw and heard claimant testify. The referee's conclusion that claimant did not appear highly motivated is also entitled to weight, and our review of the entire record leads us to agree with that conclusion.

■ Claimant contends that his injuries are such that he comes in the odd-lot category. We do not so interpret our previous decisions concerning odd-lot status.

> "* * * (1) [M]otivation is not necessary to establish a *prima facie* case of odd-lot status if the medical facts when considered along with other factors, such as age, education, mental capacity and training of themselves support the claimed inability to work, and (2) evidence of motivation to seek and work at gainful employment is necessary to establish a *prima facie* case of odd-lot status if the injuries, even though severe, are not such that the trier of fact can say that regardless of motivation this man is not likely to be able to engage in gainful and suitable employment. The burden of proving odd-lot status rests upon the claimant." *Deaton v. SAIF,* 13 Or App 298, 304-05, 509 P2d 1215 (1973).

*See also, Vester v. Diamond Lumber Co.,* 21 Or App 587, 535 P2d 1373 (1975); *House v. SAIF,* 20 Or App 150, 530 P2d 872 (1975); and *Scown v. SAIF,* 22 Or App 354, 539 P2d 160 (1975). The most significant difference between the present case and *Deaton, Vester, House* and *Scown* is that here the petitioner is 62 years old, while in those cases the claimants were in their forties and fifties.

Reversed.